# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. RANDY JACOBS, and STATE OF CALIFORNIA ex rel. RANDY JACOBS<br><br>　　　　Relator,<br><br>　　　　v.<br><br>PACIFIC DERMATOLOGY INSTITUTE, INC., BRADLEY MUDGE, et al.<br><br>　　　　Defendants. | Case No. 5:20-cv-01906-JGB-SHK<br><br>**CONSENT JUDGMENT**<br><br>First Amended Complaint Filed: September 7, 2023 |

    The United States of America; the State of California; Randy Jacobs, M.D. ("Relator"); the Bothwell Law Group ("Relator's counsel"); Pacific Dermatology Institute, Inc. ("PDI"); and Bradley Mudge, Richard Rotan, and Jeffery Bottomley ("Defendants") (PDI and Defendants will be collectively referred to as the "Defendant Parties") hereby consent to the filing of this Consent Judgment. These individuals and entities, which hereafter shall be referred to as the "Parties", hereby stipulate and agree as follows:

  1. On September 9, 2020, Relator filed a civil action in the United States District Court for the Central District of California that was originally captioned *United States of America ex rel. Randy Jacobs v. Pacific Dermatology Institute, Inc., et al.*, No. EDCV20-1906PA(KKx) (the "Civil Action"). The Civil Action asserts *qui tam* claims on behalf of the United States and the State of California under the federal False Claims Act ("FCA"), 31 U.S.C. §§ 3729 *et seq.,* and the California False Claims Act ("CFCA"), Cal. Gov't Code §§ 12651 *et seq.,* by, among other things, entering into kickback arrangements with pathologists to falsely bill Mohs codes for non-Mohs surgeries, and improperly billing for Mohs surgeries.

  2. This Court has subject matter jurisdiction over this matter under 31 U.S.C. § 3732(a), 31 U.S.C. § 3732(b), 28 U.S.C. § 1345, and 28 U.S.C. § 1331, the Federal Debt Collection Procedure Act, 28 U.S.C. §§ 3001 *et seq.*, and 28 U.S.C. § 1355.

  3. The Court has personal jurisdiction over the Parties in connection with this matter, who waive all objections as to this action, including objections as to the form and manner of service of the Consent Judgment, except as provided in the underlying Settlement Agreement between the Parties, a true and correct copy of which is attached hereto as Exhibit A.

  4. On or around June 30, 2024, Relator and Defendants agreed to settle certain claims asserted against the Parties in the Civil Action, pursuant to the terms set forth in the Parties' Settlement Agreement. (*See*, Ex. A).

5. In the Settlement Agreement, Defendants agreed to the entry of this judgment against them, jointly and severally, in the amount of Six Million Dollars ($6,000,000), should Parties fail to pay the entire Settlement Amount within the agreed upon terms of the execution of the Settlement Agreement including a 10-day cure period (or up to 21 days where the default is no fault of the Defendants and is out of Defendants' control). (*See*, Ex. A).

6. Therefore, Defendants acknowledge their liability and debt owed to the United States in the amount of One Million Four Hundred Eighty-Nine Thousand Three Hundred Forty-Two Dollars ($1,489,342), to the State of California in the amount of Four Hundred Seventy-Six Thousand Two Hundred Sixty-Seven Dollars ($476,267), and to the Bothwell Law Group in the amount of Four Million Thirty-Four Thousand Three Hundred Ninety-One Dollars ($4,034,391) for a total of Six Million Dollars ($6,000,000), plus post-judgment interest at the judgment rate, plus attorneys' fees and costs, less any amounts that have already been paid in connection with the Parties' violations of the FCA and the CFCA. (*See,* Ex. A, Recitals).

7. This Consent Judgment may not be avoided pursuant to 11 U.S.C. § 547.

8. Any claims, actions or proceedings brought by the United States, the State of California, and/or Relator's counsel to collect this Judgment are not subject to an "automatic stay" under the Federal Bankruptcy Laws.

9. All terms of the Settlement Agreement are to remain in effect, notwithstanding entry of this Judgment.

10. The United States, the State of California, and Relator's counsel reserve the right to take all actions permitted by law to collect the judgment debt, including actions provided in the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 *et seq.,* should Defendants fail to pay the debt in full within ten (10) days (or up to 21 days where the default is no fault of the Defendants and is out of Defendants' control) of the notice of default as outlined in the Settlement Agreement. (*See*, Ex. A).

1  11. The Court shall retain jurisdiction over this case for purposes of
2  enforcing the Settlement Agreement and this Consent Judgment and Order.
3  The foregoing Consent Judgement is hereby **APPROVED** and **ORDERED**
4  **TO BE ENTERED AS A JUDGMENT OF THIS COURT**, this 4th day of
5  March, 2025.

_____
Hon. Jesus G. Bernal
District Judge

Consented to:

ON BEHALF OF THE RELATOR

AND ON BEHALF OF THE BOTHWELL LAW GROUP, P.C.

Dated: 1/28/2025

Mike Bothwell
*Bothwell Law Group, P.C.*
Counsel for Relator

ON BEHALF OF THE DEFENDANTS

Dated: 2/3/2025

Elizabeth Mitchell
*Umhofer, Mitchell & King, LLP*
Counsel for Defendants